RAFAEL GARCÍA SORIANO, demandante y apelante, *v.* LA SUCN. DE HARRY A. McCORMICK y los albaceas de la herencia DOLORES ALCAIDE Y BAIZ, SIMÓN A. ALCAIDE Y BAIZ, CARLOS J. TORRES Y WILLIAM A. McKINLEY, demandados y apelados.

No. 5288.—*Sometido:* Febrero 13, 1931. *Resuelto:* Marzo 11, 1931.

*R. H. Blondet,* abogado del apelante; *Carlos J. Torres y T. Bernardini de la Huerta,* abogados de los apelados.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

Este fué un pleito presentado por Rafael García Soriano contra la sucesión de Harry A. McCormick, designándose en la demanda las personas que componían dicha sucesión, y también contra los albaceas de dicho Harry A. McCormick. Después del juicio se resolvió que la causa de acción no era

buena y el demandante apeló. Los apelados, albaceas de McCormick, solicitan la desestimación por dos fundamentos: El primero es que el alegato deja de cumplir con el reglamento de esta corte, y los extremos en particular en que se basa son la falta de presentar una relación concisa del caso y la insuficiencia del señalamiento de errores.

■■ Un examen del alegato revela que éste no contiene una relación concisa del caso sino que empieza con el señalamiento de errores. Uno de los fines de tal relación del caso es que la corte de apelación al llegar al señalamiento de errores sepa sobre qué hechos o bases se señalan los errores. Frecuentemente hemos dicho que para este fin el copiar las alegaciones o el exponerlas nuevamente no es la forma de hacer una relación del caso, pero ni siquiera se trató de hacer esto en el presente recurso.

Cuando llegamos a los señalamientos de error hallamos que ellos son igualmente inadecuados. El primer señalamiento dice meramente que la corte cometió error al resolver el caso en contra del demandante. El segundo señalamiento de error trata de ser un poco más específico pero finalmente sólo dice que la corte cometió error al declarar sin lugar la demanda, toda vez que todos los legados habían sido pagados y la pendencia de una acción de filiación no podía afectar al demandante-apelante en este caso. Posiblemente si hubiera habido una relación del caso este vago señalamiento de errores quizá hubiese podido entenderse, pero ninguna corte de apelación después de leer los señalamientos de error tendría idea alguna de los extremos realmente envueltos. Asimismo el hecho de que todos los legados hubiesen sido pagados no demostraría necesariamente que la corte hubiera cometido error al rehusar ordenar el pago de este supuesto legado en particular. El alegato deja de cumplir con los artículos 42 y 43 del reglamento de esta corte.

■ Durante la vista el apelante dijo que enmendaría su alegato si la corte así lo deseaba, o palabras a ese efecto. Em-

pero, el deber de la corte no es hacer una elección en el asunto, sino que incumbe al demandante y apelante mismo elegir el curso que debe seguir. Bajo la situación, tal como se nos ha presentado, la apelación tiene que ser desestimada por el primer fundamento solamente.

■ Abrigamos algunas dudas pero creemos que la apelación debe también ser desestimada por no haberse notificado el escrito a las partes necesarias. En su demanda el demandante dice que los herederos tenían conocimiento de la presentación de la demanda y que el demandante podía fundarse en la aprobación de todos los herederos, excepto de Dolores Alcaide y Baiz, quien era tanto heredera como albacea. En su alegato el apelante dice ahora que ésta era una alegación innecesaria, que la aprobación de los herederos no era menester y que los albaceas podían pagar el legado sin tal aprobación.

Gran parte del juicio en este caso fué dirigido en la teoría de que la aprobación de los herederos era necesaria y la opinión de la corte discute con bastante extensión este extremo. El artículo 876 del Código Civil parecería tener alguna aplicación. Deberíamos tener alguna duda respecto a si esto no equivale a alterar ahora la teoría de la corte inferior, toda vez que las partes habían suscitado la controversia sobre la cuestión de tal aprobación. Sin embargo, no estaríamos demasiado fuertemente inclinados a insistir en esto si por el contrario estuviésemos convencidos de los méritos de la apelación.

Los herederos, o algunos de ellos, fueron hechos partes. Los autos no revelan que ninguno de ellos fuera jamás citado. No obstante, hasta que se nos convenza de lo contrario creeremos que los herederos tienen un verdadero interés al oponerse a la revocación de una sentencia que rehusa ordenar el pago de un legado, especialmente cuando en realidad a ellos se les hizo partes en el juicio. De momento, por lo menos, los bienes dejados por McCormick no han sufrido disminu-

ción por cualquier orden de pago al demandante. Además, según el caso fué presentado por la demanda, haciendo a los herederos partes en el litigio, y su desarrollo posterior por la negativa a sostener la reclamación, nos sentimos obligados a resolver que el escrito de apelación debió haberse notificado también a los otros demandados en el caso, y que la moción de desestimación debe también prevalecer por este fundamento.

*Debe desestimarse la apelación.*

OPINIÓN DISIDENTE DEL JUEZ PRESIDENTE SEÑOR DEL TORO

Mi disentimiento no se basa en que opine que el alegato del apelante se ajusta a las reglas de esta corte y en que la parte dejada de notificar no es una parte necesaria. Al contrario. Estoy enteramente conforme en que los defectos del alegato existen y en que quizá se haya dejado de notificar a una parte realmente necesaria, pero, eso no obstante, entiendo que no debe desestimarse por ahora el recurso. Como en otras ocasiones se ha hecho, debe darse en ésta la oportunidad al apelante de corregir los defectos de su alegato y debe posponerse la resolución de la cuestión de la falta de notificación hasta que el recurso sea estudiado en su fondo porque entonces podrá decidirse con mayor seguridad de acierto si tiene razón la apelada que sostiene que se dejó de notificar la apelación a una parte necesaria o el apelante que alega que la parte dejada de notificar no es una verdadera parte necesaria en el pleito.